**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 17-00600 |
| | ) | |
| Michael A. Urso | ) | Hon. Pamela S. Hollis |
| | ) | |
| Debtor, | ) | Chapter 7 |
| | ) | |
| _____ | ) _____ | |
| | ) | |
| | ) | |
| Michael A. Urso | ) | Adv No. |
| | ) | |
| Plaintiff | ) | Hon. Pamela S. Hollis |
| | ) | |
| v. | ) | |
| | ) | |
| Trac Intermodal, LLC | ) | |
| | ) | |
| Defendant | ) | |

**Adversary Complaint for Declaratory and Other Relief**

NOW COMES the Plaintiff, Michael A. Urso through his attorneys, Jonathan D. Parker and Dale A. Riley of Geraci Law LLC and for his adversary complaint against Trac Intermodal, LLC for injunctive and other relief states:

**Nature of the Case**

1.      This is an adversary proceeding for a declaratory judgment determining that the defendant, Trac Intermodal, LLC, violated the automatic stay of Section 362(a) and an injunction to prevent the defendant, Trac Intermodal from interfering with the Plaintiff's employment, for damages resulting from Trac Intermodal's willful violation of the automatic stay in bankruptcy and, for tortious interference with the Plaintiff's employment contract.

1

**Jurisdiction and Venue**

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a), (b), 1367.

3.      Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §§ 1391(b)(2), 1409(a).  The Plaintiff is a resident of Will County, Illinois and a citizen of the State of Illinois.

4.      Count I and Count II below are core proceedings.  28 U.S.C. §§ 157(b)(1), (b)(2)(A), (O).

5.      Count I below seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a).  Count II seeks damages for violation of the automatic stay.

7.      Count III below is a non-core proceeding related to the underlying bankruptcy case.  28 U.S.C. § 157(b).

7.      With respect to Counts I and II this Court has the authority to enter a final judgment.  28 U.S.C. § 157(b)(1).

8.      With respect to Count III this Court has jurisdiction under 28 U.S.C. §§ 157(c)(1); 1367(a).

9.      With Respect to Count III, the Plaintiff consents to the entry of judgment by the Bankruptcy Court.  28 U.S.C. § 157(c)(2); *Wellness International Network, Ltd. v. Sharif*, 135 S.Ct. 1932 (2015).

10.     This matter has been referred to this Court via Internal Operating Procedure 15(a) for the District Court for the Northern District of Illinois.

**Parties**

11.     Michael A. Urso is an individual residing at 2355 Shadow Hills Lane, Aurora, Illinois 60503.

12.     Michael A. Urso is the debtor in the underlying Chapter 7 bankruptcy case, 17-00600 currently pending before this Court.

13.     Michael A. Urso is the plaintiff in this adversary proceeding.

14.     Trac Intermodal, LLC is a Delaware limited liability company having its principal place of business at 750 College Rd., East Princeton, NJ 08540.

15.     Trac Intermodal, LLC's president is Keith Lovetro whose principal place of business is 750 College Rd., East Princeton, NJ 08540.

16.     Trac Intermodal, LLC conducts its business through its wholly owned subsidiary, Interpool, Inc.

17.     Trac Intermodal, LLC has a registered agent in the State of Delaware as follows: Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

18.     Trac Intermodal, LLC does not have a registered agent for service within the State of Illinois.

19.     Interpool, Inc. has a registered agent for service in the State of Illinois as follows: Illinois Corporation Service, 801 Adlai Stevenson Dr., Springfield, IL 62703

20.     Trac Intermodal, LLC is a creditor of Michael A. Urso and the defendant in this adversary proceeding.

**Factual Allegations Common to all Counts**

21.     Michael A. Urso filed a petition for relief under Chapter 7 of Title 11 of the United States code on January 9, 2017.  Michael A. Urso's bankruptcy case was designated 17-bk-00600.

22.     At the time Michael A. Urso filed for bankruptcy protection he was employed as a truck driver for RB Express, LLC.

**Elite Cartage & Intermodal, Inc.**

23.     In 2006, Michael A. Urso opened Elite Cartage & Intermodal, Inc.

24.     As of May 2016, Michael A. Urso was the sole owner and shareholder of Elite Cartage & Intermodal, Inc.

25.     In his capacity as an owner of Elite Cartage & Intermodal, Inc., Michael A. Urso entered into contracts for services with Trac Intermodal, LLC.

26.     As a condition of entering into these contracts for services with Elite Cartage & Intermodal, Inc., Trac Intermodal, LLC required Michael A. Urso to sign personal guarantees.

27.     By January of 2017, Trac Intermodal, LLC claimed that Elite Cartage & Intermodal, Inc., owed approximately $80,000 in unpaid invoices.  To the extent that there were unpaid invoices all of the unpaid invoices were personally guaranteed by Michael A. Urso.

28.     Elite Cartage & Intermodal, Inc. ceased doing business in or about May of 2016 and was involuntarily dissolved by the Illinois Secretary of State on February 10, 2017.

**Michael A. Urso files for bankruptcy protection**

29.     On January 9, 2017, Michael A. Urso filed an individual voluntary petition for relief under Chapter 7 of Title 11 of the United States Code.

30.     On Schedule F (creditors with unsecured claims) Michael A. Urso listed Trac Intermodal, LLC as a creditor.  (Ex. A.)

31.     Michael A. Urso listed Trac Intermodal's address as being 750 College Rd., East Princeton, NJ 08540.  (Ex. A.)  This was the address on the Trac Intermodal, LLC website as being their principal place of business.  This was the address which Michael A. Urso had seen listed in all the correspondence which he had received from Trac Intermodal, LLC since at least as early as May of 2015.

32.     On January 11, 2017, the Clerk of the Court mailed notice to all of the creditors listed on Michael A. Urso's Schedule F.  This included Trac Intermodal, LLC at the address noted in paragraph 13 above.

33.     The notice sent by the Clerk of the Court to Trac Intermodal, LLC was not returned by the United States Postal Service as undeliverable.

**Michael A. Urso's Employment**

34.     On or about October of 2016 Michael A. Urso became employed by RB Express, Inc. as a truck driver.   Michael A. Urso salary in this position was approximately $40,000 per year.

35.     Because of Michael A. Urso's over twenty (20) years of experience in the trucking industry, RB Express, Inc. offered Michael A. Urso a position as President of Operations.  Michael A. Urso assumed this position effective April 10, 2017.

36.     As President of Operations of RB Express, Inc., Michael A. Urso was promised an annual gross salary of $150,000 as well as 4% of the company's profits and equity in the business after one (1) year.  (Ex. B.)  In addition to these benefits, Michael A. Urso was offered a company car with all attendant expenses paid as well as health insurance.

37.     Michael A. Urso's contract with RB Express, Inc. was for five (5) years.

**Trac Intermodal, LLC refuses to do business with RB Express, Inc. unless Michael A. Urso pays his debt to them**

38.     In late April 2017 RB Express, Inc. set up an online account with Trac Intermodal, LLC.

39.     RB Express, Inc. intended to use Trac Intermodal, LLC to supply chassis in RB Express, Inc.'s interstate trucking business.

40.     On April 28, 2017, Debbie Cardone, a Trac Intermodal employee sent an email to Raul Berrera, the owner of RB Express, Inc.  (Ex. C.)

41.     In the April 28, 2017 email, Debbie Cardone stated that because Michael A. Urso was listed as "president" of RB Express, Inc., Trac Intermodal, LLC would refuse to do business with RB Express, Inc. unless or until Michael A. Urso "makes good" on his debt to Trac Intermodal, LLC.  (Ex. C.)

42.     In the April 28, 2017 email, Debbie Cardone further stated to Raul Berrera that Trac Intermodal, LLC was "willing to work with" Michael A. Urso to pay his debt to Trac Intermodal, LLC.  (Ex. C.)

43.     Raul Berrera responded to Debbie Cardone's April 28, 2017 email the same day.  (Ex. D.)  In his response, Raul Berrera informed Debbie Cardone that Michael A. Urso's "lawyers are still handling his legal proceedings."  (Ex. D.)

44.     This was a reference to Michael A. Urso's Chapter 7 Bankruptcy proceeding.

45.     In his April 28, 2017 email, Raul Berrera further notified Debbie Cardone that Michael A. Urso had no ownership interest in RB Express, Inc.  (Ex. D.)

46.     On May 1, 2017 having not had a response to his April 28, 2017 email, Raul Berrera sent an email to another Trac Intermodal, LLC employee, Shalika

Rupasinghe asking whether Raul Berrara's April 28, 2017 explanation as to Michael A.

Urso's role in RB Express, Inc. was satisfactory to Trac Intermodal, LLC.  (Ex. E.)

47.     Shakila Rupasinghe forwarded Raul Berrara's May 1, 2017 email to

Debbie Cardone.  (Ex. F.)

48.     Debbie Cardone then responded to Raul Berrara and stated that her

manager was reviewing Raul Berrera's April 28, 2017 explanation as to the role of

Michael A. Urso within RB Express, Inc.  (Ex. G.)

49.     On May 1, 2017, Linda Rizkalla, another Trac Intermodal, LLC employee

sent an email to Raul Berrera and informed him that Trac Intermodal, LLC would accept

from Michael A. Urso a settlement of one-third of Michael A. Urso's outstanding balance

with Trac Intermodal, LLC.  (Ex. H.)

50.     Raul Berrera responded via email and asked what Michael A. Urso's total

debt was to Trac Intermodal, LLC.  (Ex. I.)  In that same email, Raul Berrera asked

whether "terminating his [Michael A. Urso's] employment with RB Express Inc

resolve[s] the issue?"  (Ex. I.)

51.     Linda Rizkalla responded via email and stated that Michael A. Urso's total

unpaid debt to Trac Intermodal, LLC was approximately $80,000.  (Ex. H.)

52.     At 5:23 PM on May 1, 2017, Raul Berrera sent an email to Linda Rizkalla

and Debbie Cardono informing them that Michael A. Urso's employment with RB

Express, Inc. had been terminated.  (Ex. I.)

53.     Debbie Cardone responded at 11:52 AM on May 2, 2017 that Raul

Berrera's email of 5:23 PM on May 1, 2017 was insufficient and that RB Express, Inc.'s

application with Trac Intermodal, LLC would not be reviewed any further until RB

Express, Inc. completed a form which formally removed Michael A. Urso as "an Officer and Director" of RB Express, Inc.  (Ex. J.)

54.    Raul Berrera complied with Trac Intermodal, LLC's request and sent proof of the same via email to Debbie Cardone and Linda Rizkalla on May 3, 2017.  (Ex. K.)

55.    Debbie Cardone acknowledged receipt of the completed form removing Michael A. Urso from his position at RB Express, Inc. and stated "I'm sorry it had to come to this but he was well aware & advised numerous times . . ." (Ex. K)(ellipses in original).

56.    Trac Intermodal, LLC then approved RB Express, Inc.'s contract subject to the payment of a standard and required $1,000.00 security deposit.

### **Count I: Declaratory and Injunctive Relief v. Trac Intermodal, LLC**

57.    The Plaintiff restates and re-alleges paragraphs 1 through 56 above as though fully set forth herein.

58.    The above facts all occurred before a discharge was entered in Michael A. Urso's Chapter 7 bankruptcy case.

59.    This adversary proceeding was filed before a discharge was entered in Michael A. Urso's Chapter 7 bankruptcy case.

60.    Section 362(a) of the Bankruptcy Code makes it illegal for a creditor of a debtor to take any collection efforts on debts that pre-date the filing of a petition for relief.

61.     Once a discharge is entered, Section 524(a) makes it illegal for a creditor of a debtor to take any collection efforts on debts that pre-date the filing of a petition for relief.

62.     Trac Intermodal, LLC's conduct as described above violated Section 362(a) of the Bankruptcy Code.

63.     Trac Intermodal, LLC's conduct as described above would violate Section 524(a) of the Bankruptcy Code were they to engage in similar conduct after the entry of a discharge.

64.     Michael A. Urso is actively seeking re-employment.

65.     Due to the size of Trac Intermodal, LLC's business it is likely that if Michael A. Urso is able to secure new employment in the trucking industry, that his new employer will do business with Trac Intermodal, LLC.

66.     As is evident from the above complained-about conduct, Trac Intermodal, LLC is in a position to "blacklist" Michael A. Urso.

67.     Trac Intermodal, LLC's conduct has "blacklisted" Michael A. Urso.

WHEREFORE, the Plaintiff, Michael A. Urso prays that this Court enter an order:

A.     Declaring that Trac Intermodal, LLC's conduct violated the automatic stay;

B.     Enjoining Trac Intermodal, LLC, its agents, employees and, assigns from communicating with any other person, entity, employer or, third party about Michael A. Urso's pre-bankruptcy debt to Trac Intermodal, LLC;

C.      Enjoining Trac Intermodal, LLC, its agents, employees and, assigns from making disparaging remarks either in writing or orally about Michael A. Urso to any other person, entity, employer or, third party;

D.      Enjoining Trac Intermodal, LLC, its agents, employees and, assigns from violating Section 362(a) of the Bankruptcy Code;

E.      Enjoining Trac Intermodal, LLC, its agents, employees and, assigns from violating Section 524(a) of the Bankruptcy Code;

F.      Awarding Michael A. Urso his reasonable attorney fees and costs in connection with obtaining the relief herein requested;

G.      Granting such further relief as this Court deems just and equitable.

**Count II: Violation of the Automatic Stay v. Trac Intermodal, LLC**

68.     The Plaintiff restates and re-alleges paragraphs 1 through 56 above as though fully set forth herein.

69.     Section 362(a)(6) of the Bankruptcy Code makes it illegal for a creditor of a debtor to take "any act to collect, asses, or recover a claim against the debtor that arose before the commencement of the case under this title."

70.     Trac Intermodal, LLC is a creditor of Michael A. Urso.

71.     Trac Intermodal, LLC had a claim against Michael A. Urso.

72.     The only debt Michael A. Urso owed to Trac Intermodal, LLC arose pre-bankruptcy.

73.     Trac Intermodal, LLC was properly listed in Schedule F of Michael A. Urso's Chapter 7 bankruptcy petition.

74.     Trac Intermodal, LLC received notice of Michael A. Urso's Chapter 7 bankruptcy case prior to April 26, 2017.

75.     Trac Intermodal, LLC's communications with RB Express, Inc. as above described were an act to "collect, asses, or recover a claim" against Michael A. Urso that arose before the commencement of Michael A. Urso's Chapter 7 bankruptcy case.

76.     Trac Intermodal, LLC's actions were willful.

77.     Section 362(k) of the Bankruptcy Code proves that "an individual injured by any wilful violation of [Section 362(a)] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

78.     Michael A. Urso has been injured by Trac Intermodal, LLC's wilful violation of Section 362(a).

79.     Michael A. Urso's injuries include, but are not limited to: the termination of his employment with its attendant benefits; emotional distress and mental anguish and; loss of future employment prospects.

80.     Trac Intermodal, LLC's conduct was malicious.

WHEREFORE, the Plaintiff, Michael A. Urso prays that this Court enter an order:

A.     Finding that Trac Intermodal, LLC violated Section 362(a);

B.     Awarding actual damages in an amount to be proved at trial;

C.     Awarding attorney fees and costs;

D.     Awarding punitive damages in an amount to be assessed at trial;

E.     Granting such further relief as this Court deems just and proper.

## Count III: Tortious Interference with Contract v. Trac Intermodal, LLC

81.     The Plaintiff restates and re-alleges paragraphs 1 through 56 above as though fully set forth herein.

82.     Michael A. Urso had a valid employment contract with RB Express, Inc.

83.     Michael A. Urso expected his employment with RB Express, Inc. to continue for at least five (5) years.

84.     Trac Intermodal, LLC was aware that Michael A. Urso had an employment contract with RB Express, Inc.

85.     Trac Intermodal, LLC induced RB Express, Inc. to terminate its employment contract with Michael A. Urso.

86.     Trac Intermodal, LLC's conduct was intentional.

87.     Trac Intermodal, LLC's conduct was unjustified because it was a knowing violation of Section 362(a) of the Bankruptcy Code.

88.     RB Express, Inc. did terminate its contractual employment relationship with Michael A. Urso.

89.     RB Express, Inc.'s decision to terminate its contractual employment relationship with Michael A. Urso was based entirely on the wrongful conduct of Trac Intermodal, LLC as above described.

90.     Michael A. Urso has been damaged.

91.     Michael A. Urso's damages include, but are not limited to: termination of his employment at the annual rate of $150,000 along with its attendant benefits; emotional distress and mental anguish and; loss of future employment prospects.

WHEREFORE, the Plaintiff, Michael A. Urso prays that this Court enter an

order:

A.      Awarding actual damages in an amount to be proved at trial;

B.      Awarding attorney fees and costs;

C.      Awarding punitive damages in an amount to be assessed at trial;

D.      Granting such further relief as this Court deems just and proper.


Respectfully Submitted

By:     */s/ Jonathan D. Parker*
        Jonathan D. Parker

        */s/ Dale A. Riley*
        Dale A. Riley

Dated: 5/9/2017

Attorneys for Plaintiff
Geraci Law LLC
55 E. Monroe St., Suite 3400
Chicago, IL 60603
Phone: 312-499-6201
Fax: 877-247-1960
par@geracilaw.com

## VERIFICATION

I, Michael A. Urso, declare under penalty of perjury that the foregoing is true and correct.

Executed on _5-8-17_ , 2017

By: _[signature]_
Michael A. Urso