**IN THE UNITED STATES BANKRUPTCY COURT OF ILLINOIS**
**FOR THE NORTHERN DISTRICT**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Case No. 17-00600 |
| | ) | |
| Michael A. Urso | ) | Hon. Pamela S. Hollis |
| | ) | |
| Debtor, | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| Michael A. Urso, | ) | Adv. No. 17-00275 |
| | ) | |
| Plaintiff | ) | Hon. Pamela S. Hollis |
| | ) | |
| v. | ) | |
| | ) | |
| Trac Intermodal, LLC | ) | |
| | ) | |
| Defendant. | ) | |

<u>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**</u>
<u>**ADVERSARY COMPLAINT FOR DECLARATORY AND OTHER RELIEF**</u>

Defendant, Trac Intermodal, LLC ("Trac") by and through its attorneys, Elizer Law

Group, LLC, hereby files this Answer to Plaintiff's Adversary Complaint for Declaratory and

Other Relief and ("Complaint"), in support thereof, states as follows:

<u>**Nature of the Case**</u>

1.      This is an adversary proceeding for a declaratory judgment determining that the

defendant, Trac Intermodal, LLC, violated the automatic stay of Section 362(a) and an injunction

to prevent the defendant, Trac Intermodal from interfering with the Plaintiff's employment, for

damages resulting from Trac Intermodal's willful violation of the automatic stay in bankruptcy

and, for tortious interference with the Plaintiff's employment contract.

**ANSWER**:    Trac admits that the Complaint seeks declaratory relief, injunctive relief, and that

it alleges damages and tortious interference.  Trac denies any remaining allegations contained in

1

this paragraph of the Complaint.

**Jurisdiction and Venue**

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a), (b), 1367.

**ANSWER**:      Trac admits the allegations contained in this paragraph of the Complaint.

3.      Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §§ 1391(b)(2), 1409(a). The Plaintiff is a resident of Will County, Illinois and a citizen of the State of Illinois.

**ANSWER**:      Trac admits the allegations contained in this paragraph of the Complaint.

4.      Count I and Count II below are core proceedings. 28 U.S.C. §§157(b)(1), (b)(2)(A), (O).

**ANSWER**:      Trac admits the allegations contained in this paragraph of the Complaint.

5.      Count I below seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a). Count II seeks damages for violation of the automatic stay.

**ANSWER**:      Trac admits the allegations contained in this paragraph of the Complaint.

6.      Count III below is a non-core proceeding related to the underlying bankruptcy case. 28 U.S.C. § 157(b).

**ANSWER**:      Trac admits the allegations contained in this paragraph of the Complaint.

7.      With respect to Counts I and II this Count has the authority to enter a final judgment. 28 U.S.C. § 157(b)(1).

**ANSWER**:      Trac admits the allegations contained in this paragraph of the Complaint.

8.      With respect to Count III this Court has jurisdiction under 28 U.S.C. §§ 157(c)(1); 1367(a).

**ANSWER**:      Trac admits the allegations contained in this paragraph of the Complaint.

9.      With respect to Count III, the Plaintiff consents to the entry of judgment by the Bankruptcy Court. 28 U.S.C. § 157(c)(2); *Wellness International Network, ltd. V. Sharif,* 135 S.Ct. 1932 (2015).

**ANSWER**:    Trac admits the allegations contained in this paragraph of the Complaint.  Trac does not consent to entry of judgment by the Bankruptcy Court with respect to Count III.

10.     This matter has been referred to this Court via Internal Operating Procedure 15(a) for the District court for the Northern District of Illinois.

**ANSWER**:    Trac admits the allegations contained in this paragraph of the Complaint.

## Parties

11.     Michael A. Urso is an individual residing at 2355 Shadow Hills Lane, Aurora, Illinois 60503.

**ANSWER**:    Upon information and belief, Trac admits the allegations contained in this paragraph of the Complaint.

12.     Michael A. Urso is the debtor in the underlying Chapter 7 bankruptcy case, 17-00600 currently pending before this Court.

**ANSWER**:    Trac admits that, at the time of the filing of the Complaint, Michael A. Urso ("Urso") was a debtor in the underlying Chapter 7 bankruptcy case, 17-00600, however, Trac states affirmatively that the matter is no longer pending, Urso having received a discharge on June 9, 2017 and the case having been closed on June 12, 2017.

13.     Michael A. Urso is the plaintiff in this adversary proceeding.

**ANSWER**:    Trac admits the allegations contained in this paragraph of the Complaint.

14.     Trac Intermodal, LLC's is a Delaware limited liability company having its principal place of business at 750 College Rd., East Princeton NJ 08540.

**ANSWER:**    Trac admits the allegations contained in this paragraph of the Complaint except that the address is 750 College Road East, Princeton, New Jersey 08540.    Trac states affirmatively that "Interpool, Inc. d/b/a Trac Intermodal" is the true party defendant in interest. For the purposes of this Answer, the responses and defenses attributed to Trac Intermodal, LLC are the responses and defenses of Interpool, Inc.

15.    Trac Intermodal, LLC's president is Keith Lovetro whose principal place of business is 750 College Rd., East Princeton, NJ 08540.

**ANSWER**:    Trac denies the allegations contained in this paragraph of the Complaint.

16.    Trac Intermodal, LLC conducts its business through its wholly owned subsidiary, Interpool, Inc.

**ANSWER**:    Trac admits the allegations contained in this paragraph of the Complaint.  Trac states affirmatively that Interpool, Inc. is the true party defendant in interest.

17.    Trac Intermodal, LLC has a registered agent in the State of Delaware as follows: Corporation Service Company 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

**ANSWER**:    Trac admits that the allegations of this paragraph were correct at the time of the filing of the Complaint, however, the current address for Corporation Service Company is 251 Little Falls Drive, Wilmington Delaware, 19808.

18.    Trac Intermodal, LLC does not have a registered agent for service within the State of Illinois.

**ANSWER**:    Trac admits the allegations contained in this paragraph of the Complaint.  Trac states affirmatively that "Trac Intermodal, LLC" does not do business in the State of Illinois.

19.    Interpool, Inc. has a registered agent for service in the State of Illinois as follows: Illinois Corporation Service, 801 Adlai Stevenson Dr. Springfield, IL 62703.

4

**ANSWER**:   Trac admits the allegations contained in this paragraph of the Complaint. Trac states affirmatively that Interpool, Inc. is the true party defendant in interest.

20.   Trac Intermodal, LLC is a creditor of Michael A. Urso and the defendant in this adversary proceeding.

**ANSWER**:   Trac denies that "Trac Intermodal, LLC" is a creditor of Michael A. Urso.  Trac admits that it is a defendant in this adversary proceeding.   Trac states affirmatively that Interpool, Inc. is the true party defendant in interest.  For clarity, Trac states affirmatively that neither it nor Interpool, Inc. nor any of their related or subsidiary companies is or was a creditor of Urso.

### Factual Allegations Common to all Counts

21.   Michael A. Urso filed a petition for relief under Chapter 7 of Title 11 of the United States code on January 9, 2017. Michael A. Urso's bankruptcy case was designated 17-bk-00600.

**ANSWER**:   Trac admits the allegations contained in this paragraph of the Complaint.

22.   At the time Michael A. Urso filed for bankruptcy protection he was employed as a truck driver for RB Express, LLC.

**ANSWER**:   Trac is without sufficient information to admit or deny the allegations of this paragraph of the Complaint.

### Elite Cartage & Intermodal, Inc.

23.   In 2006, Michael A. Urso opened Elite Cartage & Intermodal, Inc.

**ANSWER**:   Trac is without sufficient information to admit or deny the allegations of this paragraph of the Complaint.

24.     As of May 2016, Michael A. Urso was the sole owner and shareholder of Elite Cartage & Intermodal, Inc.

**ANSWER**:   Trac is without sufficient information to admit or deny the allegations of this paragraph of the Complaint.

25.     In his capacity as an owner of Elite Cartage & Intermodal, Inc., Michael A. Urso entered into contracts for services with Trac Intermodal, LLC.

**ANSWER**:   Trac denies the allegations contained in this paragraph of the Complaint. Trac states affirmatively Elite Cartage & Intermodal entered into a contract with Interpool, Inc. d/b/a Trac Intermodal, and that Urso was not the signor on behalf of Elite Cartage & Intermodal.

26.     As a condition of entering into these contracts for services with Elite Cartage & Intermodal, Inc., Trac Intermodal, LLC required Michael A. Urso to sign personal guarantees.

**ANSWER**:   Trac denies the allegations contained in this paragraph of the Complaint. Trac states affirmatively that neither it nor Interpool, Inc. required Urso to sign personal guarantees.

27.     By January of 2017, Trac Intermodal, LLC claimed that Elite Cartage & Intermodal, Inc., owed approximately $80,000 in unpaid invoices. To the extent that there were unpaid invoices all of the unpaid invoices were personally guaranteed by Michael A. Urso.

**ANSWER**:   Trac denies that "Trac Intermodal, LLC" claimed that Elite Cartage & Intermodal, Inc. owed any amount in unpaid invoices.  Trac states affirmatively that Interpool, Inc. claimed that Elite Cartage & Intermodal, Inc. owed approximately $80,000 in unpaid invoices.  Trac denies the allegations contained in the second sentence of this paragraph.

28.     Elite Cartage & Intermodal, Inc. ceased doing business in or about May of 2016 and was involuntarily dissolved by the Illinois Secretary of State on February 10, 2017.

**ANSWER**:    Trac is without sufficient information to admit or deny the allegation that Elite Cartage & Intermodal, Inc. ceased doing business in or about May of 2016, but admits that it was involuntarily dissolved by the Illinois Secretary of State on February 10, 2017.

## Michael A. Urso files for bankruptcy protection

29.    On January 9, 2017, Michael A. Urso filed for an individual voluntary petition for relief under Chapter 7 of Title 11 of the United States Code.

**ANSWER**:    Trac admits the allegations contained in this paragraph of the Complaint.

30.    On Schedule F (creditors with unsecured claims) Michael A. Urso listed Trac Intermodal, LLC as a creditor. (Ex. A.)

**ANSWER**:    Trac admits that "Trac Intermodal" appears Schedule E/F, but denies the remaining allegations contained in this paragraph of the Complaint.  Trac states affirmatively that the Petition specifies a claim of "$0.00" and that Trac is listed for "Notice Only."

31.    Michael A. Urso listed Trac Intermodal's address as being 750 College Rd., East Princeton, NJ 08540. (Ex. A.) This was the address on the Trac Intermodal, LLC website as being their principal place of business. This was the address which Michael A. Urso had seen listed in all the correspondence which he had received from Trac Intermodal, LLC since at least as early as May of 2015.

**ANSWER**:    Trac denies the allegations of the first two sentences of this paragraph of the Complaint.  Trac states affirmatively that the address was listed as "750 College Road East, Princeton, NJ 08540," and further states that "Trac Intermodal, LLC" does not have a website, however, Interpool, Inc. d/b/a Trac Intermodal does.   Trac is without sufficient information to admit or deny the allegations contained in the third sentence of this paragraph of the Complaint.

32.    On January 11, 2017, the Clerk of the Court mailed notice to all of the creditors

listed on Michael A. Urso's Schedule F. This included Trac Intermodal, LLC at the address noted in paragraph 13 above.

**ANSWER**:     Trac is without sufficient information to admit or deny the allegations contained in this paragraph.

33.    The notice sent by the Clerk of the Court to Trac Intermodal, LLC was not returned by the United States Postal Services as undeliverable.

**ANSWER**:     Trac is without sufficient information to admit or deny the allegations contained in this paragraph.

## Michael A. Urso's Employment

34.    On or about October of 2016 Michael A. Urso became employed by RB Express, Inc. as a truck driver. Michael A. Urso [sic] salary in this position was approximately $40,000 per year.

**ANSWER**:     Trac is without sufficient information to admit or deny the allegations contained in this paragraph.

35.    Because of Michael A. Urso's over twenty (20) years of experience in the trucking industry, RB Express, Inc. offered Michael A. Urso a position as President of Operations. Michael A. Urso assumed this position effective April 10, 2017.

**ANSWER**:     Trac is without sufficient information to admit or deny the allegations contained in this paragraph.

36.    As President of Operations of RB Express, Inc. Michael A. Urso was promised an annual gross salary of $150,000 as well as 4% of the company's profits and equity in the business after one (1) year. (Ex. B.) In addition to these benefits, Michael A. Urso was offered a company car with all attendant expenses paid as well as health insurance.

**ANSWER**:   Trac is without sufficient information to admit or deny the allegations contained in this paragraph.

37.   Michael A. Urso's contract with RB Express, Inc. was for five (5) years.

**ANSWER**:   Trac is without sufficient information to admit or deny the allegations contained in this paragraph.

38.   In late April 2017 RB Express, Inc. set up and online account with Trac Intermodal, LLC.

**ANSWER**:   Trac denies the allegations in this paragraph of the Complaint. Trac states affirmatively that, in April 2017, RB Express, Inc. applied for credit with Interpool, Inc. d/b/a Trac Intermodal.

39.   RB Express, Inc. intended to use Trac Intermodal, LLC to supply chassis in RB Express, Inc.'s interstate trucking business.

**ANSWER**:   Trac is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint.  Trac states affirmative that only Interpool, Inc. d/b/a Trac Intermodal rents intermodal container chassis, "Trac Intermodal, LLC" does not.

40.   On or about April 28, 2017, Debbie Cardone, a Trac Intermodal employee sent an email to Raul Berrera [sic], the owner of RB Express, Inc. (Ex. C.)

**ANSWER**:   Trac admits the allegations contained in this paragraph of the Complaint except that the individual is an employee of Interpool, Inc.

41.   In the April 28, 2017 email, Debbie Cardone stated that because Michael A. Urso was listed as "president" of RB Express, Inc., Trac Intermodal, LLC would refuse to do business with RB Express, Inc. unless or until Michael A. Urso "makes good" on his debt to Trac Intermodal, LLC. (Ex. C.)

**ANSWER**:    Trac denies the allegations contained in this paragraph of the Complaint. Answering further, Trac states that Debbie Cardone is an employee of Interpool, Inc.

42.    In the April 28, 2017 email, Debbie Cardone further stated to Raul Berrera [sic] that Trac Intermodal, LLC was "willing to work with" Michael A. Urso to pay his debt to Trac Intermodal, LLC. (Ex. C.)

**ANSWER**:    Trac denies the allegations contained in this paragraph of the Complaint. Answering further, Trac states that Debbie Cardone is an employee of Interpool, Inc.

43.    Raul Berrera [sic] responded to Debbie Cardone's April 28, 2017 email the same day. (Ex. D.) In his response, Raul Berrera [sic] informed Debbie Cardone that Michael A. Urso's "lawyers are still handling his legal proceedings." (Ex. D.)

**ANSWER**:    Trac admits the allegations contained in this paragraph.

44.    This was a reference to Michael A. Urso's Chapter 7 Bankruptcy proceeding.

**ANSWER**:    Trac denies the allegations contained in this Paragraph.

45.    In his April 28, 2017 email, Raul Berrera [sic] further notified Debbie Cardone that Michael A. Urso had no ownership interest in RB Express, Inc. (Ex. D.)

**ANSWER**:    Trac admits the allegations contained in this paragraph of the complaint.

46.    On May 1, 2017 having not had a response to his April 28, 2017 email, Raul Berrera [sic] sent an email to another Trac Intermodal, LLC employee, Shalika Rupasinghe asking whether Raul Berrara's [sic] April 28, 2017 explanation as to Michael A. Urso's role in RB Express, Inc. was satisfactory to Trac Intermodal, LLC. (Ex. E.)

**ANSWER**:    Trac admits that, on May 1, 2017, Raul Barrera sent an e-mail to Shalika Rupasinghe, but denies the remaining allegations contained in this paragraph of the Complaint. Trac states affirmatively that Shalika Rupasinghe is an employee of Interpool, Inc.

10

47.     Shakila Rupasinghe forwarded Raul Berrara's [sic] May 1, 2017 email to Debbie Cardone. (Ex. F.)

**ANSWER**:     Trac admits the allegations contained in this paragraph of the Complaint.

48.     Debbie Cardone then responded to Raul Berrara [sic] and stated that her manager was reviewing Raul Berrera's [sic] April 28, 2017 explanation as to the role of Michael A. Urso within RB Express, Inc. (Ex. G.)

**ANSWER**:     Trac admits that Debbie Cardone responded to Raul Barrera but denies the remaining allegations contained in this paragraph of the Complaint.

49.     On May 1, 2017, Linda Rizkalla, another Trac Intermodal, LLC employee sent an email to Raul Berrera [sic] and informed him that Trac Intermodal, LLC would accept from Michael A. Urso a settlement of one-third of Michael A. Urso's outstanding balance with Trac Intermodal, LLC. (Ex. H.)

**ANSWER**:     Trac admits the allegations contained in this paragraph of the Complaint except that it denies that Linda Rizhalla is an employee of Trac Intermodal, LLC.  Trac states affirmatively that Linda Rizhalla is an employee of Interpool, Inc.

50.     Raul Berrera [sic] responded via email and asked what Michael A. Urso's total debt was to Trac Intermodal, LLC. (Ex. I.) In that same email, Raul Berrera [sic] asked whether "terminating his [Michael A. Urso's] employment with RB Express, Inc. resolve[s] the issues?" (Ex. I.)

**ANSWER**:     Trac admits the allegations contained in this paragraph of the Complaint except to state that the question was posed to Interpool, Inc.

51.     Linda Rizkalla responded via email and stated that Michael A. Urso's total unpaid debt to Trac Intermodal, LLC was approximately $80,000. (Ex. H.)

**ANSWER**:     Trac denies the allegations contained in this paragraph and states affirmatively that the putative Exhibit does not appear in the Complaint.  Answering further, the debt, if any, would have been owed to Interpool, Inc.

52.     At 5:23 PM on May 1, 2017, Raul Berrera [sic] sent an email to Linda Rizkalla and Debbie Cardono informing them that Michael A. Urso's employment with RB Express, Inc. had been terminated. (Ex. I.)

**ANSWER**:     Trac denies the allegations contained in this paragraph and states affirmatively that the putative Exhibit does not appear in the Complaint.

53.     Debbie Cardone responded at 11:52 AM on May 2, 2017 that Raul Berrera's [sic] email of 5:23 PM on May 1, 2017 was insufficient and that RB Express, Inc.'s application with Trac Intermodal, LLC would not be reviewed any further until RB Express, Inc. completed a form which formally removed Michael A. Urso as "an Officer and Director" of RB Express, Inc. (Ex. J.)

**ANSWER**:     Trac denies the allegations contained in this paragraph of the Complaint.

54.     Raul Berrera [sic] complied with Trac Intermodal, LLC's request and sent proof of the same via email to Debbie Cardone and Linda Rizkalla on May 3, 2017. (Ex. K.)

**ANSWER**:     Trac denies that either "Trac Intermodal, LLC" or Interpool, Inc. d/b/a Trac Intermodal made a "request" or that "proof of" a request was sent.  Trac admits that Raul Barrera sent an e-mail to Debbie Cardone and Linda Rizkalla on May 3, 2017, and denies all other allegations in this paragraph.

55.     Debbie Cardone acknowledged receipt of the completed form removing Michael A. Urso from his position at RB Express, Inc. and stated "I'm sorry it had to come to this but he was well aware & advised numerous times…" (Ex. K.)(ellipses in original).

**ANSWER**:     Trac admits that Debbie Cardone acknowledged receipt of a form and stated "I'm sorry it had to come to this but he was well aware & advised numerous time. ." Trac denies the remaining allegations of this paragraph of the complaint and denies the existence of ellipses in the communication.

56.     Trac Intermodal, LLC then approved RB Express, Inc.'s contract subject to the payment of a standard and required $1,000.00 security deposit.

**ANSWER**:     Trac denies that "Trac Intermodal, LLC" approved RB Express, Inc.'s contract, but admits that "Interpool, Inc. d/b/a Trac Intermodal" approved RB Express, Inc.'s contract subject to the terms stated in this paragraph of the Complaint.

## Count I: Declaratory and Injunctive Relief v. Trac Intermodal, LLC

57.     The Plaintiff restates and re-alleges paragraphs 1 through 56 above as through fully set forth herein.

**ANSWER**:     Trac restates and re-alleges its responses to paragraphs 1 through 56 above as though fully set forth herein.

58.     The above facts all occurred before a discharge was entered in Michael A. Urso's Chapter 7 bankruptcy case.

**ANSWER**:     Trac admits that the allegations reference activity that occurred before a discharge was entered in Urso's Chapter 7 bankruptcy case. Trac denies the remaining allegations of this paragraph of the Complaint.

59.     This adversary proceeding was filed before a discharge was entered in Michael A. Urso's Chapter 7 bankruptcy case.

**ANSWER**:     Trac admits the allegations contained in this paragraph of the Complaint.

60.     Section 362(a) of the Bankruptcy Code makes it illegal for a creditor of a debtor

to take any collection efforts on debts that pre-date the filing of a petition for relief.

**ANSWER**:    Trac denies the allegations contained in this paragraph of the Complaint as it is a misstatement of law.

61.    Once a discharge is entered, Section 524(a) makes it illegal for a creditor of a debtor to take any collection efforts on debts that pre-date the filing of a petition for relief.

**ANSWER**:    Trac denies the allegations contained in this paragraph of the Complaint as it is a misstatement of law.

62.    Trac Intermodal, LLC's conduct as described above violated Section 362(a) of the Bankruptcy Code.

**ANSWER**:    Trac denies the allegations contained in this paragraph of the Complaint.

63.    Trac Intermodal, LLC's conduct as described above would violate Section 524(a) of the Bankruptcy Code were they to engage in similar conduct after the entry of a discharge.

**ANSWER**:    Trac denies the allegations contained in this paragraph of the Complaint.

64.    Michael A. Urso is actively seeking re-employment.

**ANSWER**:    Trac is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint.

65.    Due to the size of Trac Intermodal, LLC's business it is likely that if Michael A. Urso is able to secure a new employment in the trucking industry, that his new employer will do business with Trac Intermodal, LLC

**ANSWER**:    Trac is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint. Trac states affirmative that only Interpool, Inc. d/b/a Trac Intermodal rents intermodal container chassis, "Trac Intermodal, LLC" does not.

66.    As is evident from the above complained-about conduct, Trac Intermodal, LLC is

14

in a position to "blacklist" Michael A. Urso.

**ANSWER**:   Trac denies the allegations contained in this paragraph of the Complaint.

67.   Trac Intermodal, LLC's conduct has "blacklisted" Michael A. Urso.

**ANSWER**:   Trac denies the allegations contained in this paragraph of the Complaint.

WHEREFORE, the Defendant, Trac Intermodal, LLC prays that this Honorable Court enter judgment in its favor, dismissing all claims alleged by Plaintiff, Michael A. Urso.

## Count II: Violation of the Automatic Stay v. Trac Intermodal, LLC

68.   The Plaintiff restates and re-alleges paragraphs 1 through 56 above as through fully set forth herein.

**ANSWER**:   Trac restates and re-alleges its responses to paragraphs 1 through 56 above as though fully set forth herein.

69.   Section 362(a)(6) of the Bankruptcy Code makes it illegal for a creditor of a debtor to take "any act to collect, asses, or recover a claim against the debtor that arose before the commencement of the case under this title."

**ANSWER**:   Trac denies the allegations contained in this paragraph of the Complaint as it is a misstatement of law.

70.   Trac Intermodal, LLC is a creditor of Michael A. Urso.

**ANSWER**:   Trac denies the allegations contained in this paragraph of the Complaint.

71.   Trac Intermodal, LLC had a claim against Michael A. Urso.

**ANSWER**:   Trac denies the allegations contained in this paragraph of the Complaint.

72.   The only debt Michael A. Urso owed to Trac Intermodal, LLC arose pre-bankruptcy.

**ANSWER**:   Trac denies the allegations contained in this paragraph of the Complaint.

73. Trac Intermodal, LLC was properly listed in Schedule F of Michael A. Urso's Chapter 7 bankruptcy petition.

**ANSWER**:    Trac denies the allegations contained in this paragraph of the Complaint.

74. Trac Intermodal, LLC received notice of Michael A. Urso's Chapter 7 bankruptcy case prior to April 26, 2017.

**ANSWER**:    Trac denies the allegations contained in this paragraph of the Complaint.

75. Trac Intermodal, LLC's communications with RB Express, Inc. as above described were and act to "collect, asses, or recover a claim" against Michael A. Urso that arose before the commencement of Michael A. Urso's Chapter 7 bankruptcy case.

**ANSWER**:    Trac denies the allegations contained in this paragraph of the Complaint.

76. Trac Intermodal, LLC's actions were willful.

**ANSWER**:    Trac denies the allegations contained in this paragraph of the Complaint.

77. Section 362(k) of the Bankruptcy Code proves that "an individual injured by any willful violation of [Section 362(a)] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

**ANSWER**:    Trac denies that the Bankruptcy Code proves anything, but admits that the section of the Code reads substantially as quoted.

78. Michael A, Urso has been injured by Trac Intermodal, LLC's willful violation of Section 362(a).

**ANSWER**:    Trac denies the allegations contained in this paragraph of the Complaint.

79. Michael A, Urso's injuries include, but are not limited to: the termination of his employment with its attendant benefits; emotional distress and mental anguish and; loss of future employment prospects.

**ANSWER**:     Trac denies the allegations contained in this paragraph of the Complaint.

80.     Trac Intermodal, LLC's conduct was malicious.

**ANSWER**:     Trac denies the allegations contained in this paragraph of the Complaint.

WHEREFORE, the Defendant, Trac Intermodal, LLC prays that this Honorable Court enter judgment in its favor, dismissing all claims alleged by Plaintiff, Michael A. Urso.

## Count III: Tortious Interference with Contract v. Trac Intermodal, LLC

81.     The Plaintiff restates and re-alleges paragraphs 1 through 56 above as through fully set forth herein.

**ANSWER**:     Trac restates and re-alleges its responses to paragraphs 1 through 56 above as though fully set forth herein.

82.     Michael A. Urso had a valid employment contract with RB Express, Inc.

**ANSWER**:     Trac is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint.

83.     Michael A. Urso expected his employment with RB Express, Inc. to continue for at least five (5) years.

**ANSWER**:     Trac is without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint.

84.     Trac Intermodal, LLC was aware that Michael A. Urso had an employment contract with RB Express, Inc.

**ANSWER**:     Trac is without sufficient information to admit or deny the allegations of this paragraph of the Complaint.

85.     Trac Intermodal, LLC induced RB Express, Inc. to terminate its employment contract with Michael A. Urso..

**ANSWER**:     Trac denies the allegations contained in this paragraph of the Complaint.

86.     Trac Intermodal, LLC's conduct was intentional.

**ANSWER**:     Trac denies the allegations contained in this paragraph of the Complaint.

87.     Trac Intermodal, LLC's conduct was unjustified because it was a knowing violation of Section 362(a) of the Bankruptcy Code.

**ANSWER**:     Trac denies the allegations contained in this paragraph of the Complaint.

88.     RB Express, Inc. did terminate its contractual employment relationship with Michael A. Urso.

**ANSWER**:     Trac denies the allegations contained in this paragraph of the Complaint.

89.     RB Express, Inc.'s decision to terminate its contractual employment relationship with Michael A. Urso was based entirely on the wrongful conduct of Trac Intermodal, LLC as above described.

**ANSWER**:     Trac denies the allegations contained in this paragraph of the Complaint.

90.     Michael A. Urso has been damaged.

**ANSWER**:     Trac denies the allegations contained in this paragraph of the Complaint.

91.     Michael A. Urso's damages include, but are not limited to: termination of his employment at the annual rate of $150,000 along with its attendant benefits; emotional distress and mental anguish and; loss of future employment prospects.

**ANSWER**:     Trac denies the allegations contained in this paragraph of the Complaint.

WHEREFORE, the Defendant, Trac Intermodal, LLC prays that this Honorable Court enter judgment in its favor, dismissing all claims alleged by Plaintiff, Michael A. Urso.

## AFFIRMATIVE DEFENSES

Trac Intermodal, LLC, and the proper party defendant in interest, Interpool, Inc. d/b/a

Trac Intermodal (referred to collectively in this Section as "Trac/Interpool"), state affirmatively

as follows:

### First Affirmative Defense

Trac/Interpool did not receive notice of the filing of Michael A. Urso's ("Urso")

underlying Chapter 7 bankruptcy case, 17-00600.

### Second Affirmative Defense

In the event it is found that Trac/Interpool did receive notice of the filing of Michael A.

Urso's underlying Chapter 7 bankruptcy case, 17-00600, because Urso had not signed any

contracts on behalf of his company, Elite Cartage & Intermodal, either in a corporate or personal

capacity, the notice was not linked to Elite Cartage & Intermodal.  The disconnect between

individuals and corporate entities resulted in a lack of knowledge by Trac/Interpool

representatives of the existence of any stay.  Any violations of the stay would have therefore

been technical and inadvertent, and certainly were not willful.

### Third Affirmative Defense

Trac/Interpool's communications which Urso alleges constituted attempts to collect a

prepetition debt (communications from April 28, 2017 to May 1, 2017), did not result in

collection of the debt, encumbrance or deprivation of any property, or discontinuation of any

services, such that no injury was suffered by Urso.  Further, Trac/Interpool's communications

which Urso alleges "induced" his termination (communications from May 2, 2017 to May 3,

2017) do not constitute an attempt to collect a debt.  Considered together, Urso has claimed no

actual damages as a result Trac/Interpool's alleged violation of the stay.

### Fourth Affirmative Defense

Urso's Complaint alleges that he was earning approximately $40,000 per year as a truck driver for RB Express in March of 2017 when he was offered a 375% increase in salary (plus 4% of the company's profits, a company car, and health insurance), "because of Michael A. Urso's over twenty (20) years of experience." (Complaint, ¶¶34-36).

To the extent that Urso was aware of the potential increase in compensation, or that Urso/Elite Cartage and Intermodal's valuable book of business was an asset that should have been disclosed to the bankruptcy court, or that RB Express, Inc. is an alter ego or continuation of either Urso or Elite Cartage & Intermodal, Urso comes to this Honorable Court with unclean hands, and equity requires that he receive nothing for his claims.

### Fifth Affirmative Defense

Urso's alleged written contract for employment states, "only under extreme circumstances shall this agreement be granted null and void, at which point Carrier must inform Office worker of the circumstances by provide [sic] a written explanation documenting said instance." To the extent that Urso's termination was improper and Urso failed to contest the termination, Urso failed to mitigate his damages.

### Sixth Affirmative Defense

Having failed to complain to Trac/Interpool that its conduct in April and May of 2017 was objectionable, Urso failed to mitigate his damages.

### Seventh Affirmative Defense

To the extent Urso has failed to earnestly seek substitute employment offering similar salary and benefits, Urso has failed to mitigate his damages.

### Eighth Affirmative Defense

The damages claimed by Urso are completely speculative in nature and cannot adequately support the relief requested.

### Ninth Affirmative Defense

Urso's allegations, if taken as true, disclose only that Trac/Interpool would not provide credit to RB Express, Inc. unless it provided proof that Urso was no longer an "officer and director" of the company.  Trac/Interpool never requested nor suggested that Urso be terminated, nor was there any indication that Trac/Interpool would refuse to extend credit to RB Express, Inc. if Urso's role in the company was something other than an "officer" or a "director."  As such, Trac/Interpool did not purposely interfere with any contract.

### Tenth Affirmative Defense

To the extent that this Honorable Court determines there was interference in the alleged contract, Trac/Interpool's conduct was privileged and justified.

### Eleventh Affirmative Defense

Urso's claims for injunctive relief violations of Section 362(a) are moot.

### Twelfth Affirmative Defense

Urso has provided no legal basis for his requests for orders enjoining Trac/Interpool from exercising its rights to communicate about the nature the debts alleged in the Complaint, or from disparaging Urso, and such prior restraints would be wholly unconstitutional.

### Thirteenth Affirmative Defense

Urso's request to enjoin Trac/Interpool to obey the discharge injunction is non-justiciable as there is no conduct alleged by Urso to have violated the discharge injunction.

WHEREFORE, the Defendant, Trac Intermodal, LLC prays that this Honorable Court enter judgment in its favor, dismissing all claims alleged by Plaintiff, Michael A. Urso.

Respectfully submitted,

Trac Intermodal, LLC

By: /s/ Philip M. Novak_____
Philip M. Novak,
One of the Attorneys for the Defendant

Steven H. Elizer
Philip M. Novak
Elizer Law Group, LLC
5836 Lincoln Avenue, Suite 200
Morton Grove, Illinois 60053
(847) 983-4343
pmnovak@elizerlaw.com