# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-cv-00600 |
| | ) | |
| Michael A. Urso | ) | Hon. Pamela S. Hollis |
| | ) | |
| Debtor, | ) | Chapter 7 |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| Michael A. Urso | ) | Adv. No. 17-00275 |
| | ) | |
| Plaintiff, | ) | Hon. Pamela S. Hollis |
| | ) | |
| v. | ) | |
| | ) | |
| Interpool, Inc d/b/a Trac Intermodal | ) | |
| | ) | |
| Defendant | ) | |

## NOTICE OF MOTION

To:   Philip M. Novak
      Jonathan D. Parker
      Dale A. Riley

**PLEASE TAKE NOTICE** that on March 15, 2018 at 10:00 a.m., I shall appear before the Honorable Chief Judge Pamela S. Hollis or any other judge sitting in her stead in courtroom 644 at 219 S. Dearborn St., Chicago, Illinois 60604, and then and there present the attached Yusen Logistics (Americas) Inc.'s Motion to Quash Subpoena or, in the Alternative, for a Modified Protective Order, a copy of which is attached hereto.

/s/ Courtney C. Booth
Courtney C. Booth

## CERTIFICATE OF SERVICE

I, Courtney C. Booth, an attorney, hereby certify that all parties in interest are CM/ECF registrants and will receive electronic notice of this filing via the Court's CM/ECF system on this 5th day of March, 2018.

/s/ Courtney C. Booth
Courtney C. Booth

1

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-cv-00600 |
| | ) | |
| Michael A. Urso | ) | Hon. Pamela S. Hollis |
| | ) | |
| Debtor, | ) | Chapter 7 |
| | ) | |

| | | |
|---|---|---|
| Michael A. Urso | ) | Adv. No. 17-00275 |
| | ) | |
| Plaintiff, | ) | Hon. Pamela S. Hollis |
| | ) | |
| v. | ) | |
| | ) | |
| Interpool, Inc. d/b/a TRAC Intermodal | ) | |
| | ) | |
| Defendant. | ) | |

## YUSEN LOGISTICS (AMERICAS) INC.'S MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A MODIFIED PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 45 (as made applicable through Federal Rule of Bankruptcy Procedure 9016), non-party Yusen Logistics (Americas) Inc. ("Yusen") respectfully moves this Court to enter an order quashing the subpoena *duces tecum* directed to it or, in the alternative, to enter a modified protective order to govern its confidential commercial information. In support of this motion, Yusen respectfully states as follows:

1.      On January 30, 2018, Defendant Interpool, Inc. d/b/a Trac Intermodal ("TRAC Intermodal") served Yusen with a subpoena *duces tecum* in the above-referenced action.

2.      Yusen began its search for documents immediately.  Upon discovering that nearly all of the documents contain confidential commercial information, Yusen sought to ensure protection of that information prior to production.

3.    The Court previously entered an Agreed Confidentiality Order (the "Protective Oder") in this case.  (*See* DE 35.)  However, the Protective Order did not expressly protect confidential documents produced by third parties in response to subpoenas.

4.    Therefore, Counsel for Yusen contacted Counsel for Trac Intermodal requesting a modest modification of the Protective Order in order to protect Yusen's confidential information.

5.    However, the parties to the underlying action have inexplicably refused to consent to the requested modification.   This refusal is paradoxical in that the parties unambiguously represented to the Court that the Protective Order was necessary in order to protect confidential records produced by third parties in response to subpoenas.  (*See* DE 34 ¶ 2.)

6.    Despite the other defects in the subpoena (as further described below), Yusen has collected and will produce documents responsive to the subpoena so long as an appropriate protective order is in place to protect its confidential commercial information.

## PROCEDURAL HISTORY

7.    On January 30, 2018, Trac Intermodal served Yusen with a subpoena in the above-captioned action, nearly two weeks after the subpoena was first issued.  (DE 29 and *see* Exhibit A, a true and accurate copy of the subpoena to Yusen.)

8.    On February 1, 2018, Cathy McKinney, Legal Services Administrator at Yusen, contacted Philip Novak, Trac Intermodal's counsel, to discuss the subpoena and Yusen's difficulty in locating responsive documents.  Mr. Novak then sent Ms. McKinney an email providing additional information to help Yusen in its search.  (*See* Declaration of Cathy McKinney ("McKinney Decl.") at ¶ 4, attached as Exhibit B.)

9.    On February 8, 2018, Ms. McKinney again contacted Mr. Novak regarding the subpoena and obtained an extension to respond through February 20, 2018.  (*Id.* ¶ 5.)

10.    After locating hundreds of pages of documents that were possibly responsive to the subpoena, Yusen determined that a number of documents contain confidential commercial information and retained counsel for assistance. (*Id.*¶ 6.)

11.    The Court previously entered a Protective Order in this case. (DE 35.)  In their Motion for Agreed Rule 26(c)(1) Protective Order, the parties explained that one of the main reasons why a confidentiality agreement is necessary in this case is because of "potentially confidential records" subpoenaed "from third parties." (*See* DE 34 ¶ 2 ("As a result, the Defendant has subpoenaed a significant number of tax and other potentially confidential records from the Plaintiff and from third parties.  Although Plaintiff does not object to the production of these documents, the parties agree that these documents (**especially those originating from third parties**) is [sic] not properly put into the public record.") (emphasis added).)

12.    The Protective Order, however, fails to encompass confidential documents produced by third parties.  In particular, though its scope is intended to extend to "[a]ll materials produced or adduced in the course of discovery," (DE 35 ¶ 1), no reference is made regarding non-party production pursuant to a subpoena.  (*See generally id.*)

13.    To expedite the production of discovery and to prevent the accumulation of unnecessary time and resources, Yusen's counsel requested that the parties to the adversary proceeding modify a single sentence in the Protective Order to include all materials produced by parties or non-parties responding to a subpoena and requested an extension of time to respond to the subpoena.  (*See* Declaration of Marc S. Blubaugh ("Blubaugh Decl.") at ¶ 4, attached as Exhibit C.)  Trac Intermodal agreed to discuss the proposed modification of the subpoena with counsel for Plaintiff Michael A. Urso and, in the meantime, agreed to the extension of time.  (*Id.*)

14.     On February 26, 2018, Mr. Novak informed Yusen that the parties would not modify the Protective Order and that, while he originally considered being the custodian of Yusen's confidential information, he did not see it as a feasible option.  He also for the first time informed Yusen that he believed that Yusen had waived its right to serve objections pursuant to Fed. R. Civ. P. 45(d)(2)(b). (*See id*. at ¶ 5 and email correspondence between Mr. Blubaugh and Mr. Novak, a true and accurate copy of which is attached as Exhibit D.)  Fortunately, Trac Intermodal did grant Yusen a further extension through March 5, 2018.  (*Id*.)

## ARGUMENT

15.      Courts have the authority to quash or modify third-party subpoenas if, among other things, they require disclosure of protected information, they do not comply with the geographical limitations of Fed. R. Civ. P. 45, or they subject the non-party to undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A), (B).

16.     As a non-party, Yusen is entitled to greater protection with respect to discovery than would be a party to the case.  *See Builders Assoc. of Greater Chicago v. City of Chicago*, No. 96-cv-1122, 2001 WL 664453, at *7 n.4 (N.D. Ill. June 12, 2001) ("When ruling on discovery motions, courts have held that non-parties are entitled to greater protection than parties.") (citation omitted).

### A.    Trac Intermodal's Subpoena Should Be Quashed Because it Improperly Requests Confidential Commercial Information.

17.     Fed. R. Civ. P. 45(d)(3)(B)(i) provides courts the discretion to quash or modify a "subpoena if it requires . . . disclosing a trade secret or other confidential research, development, or commercial information."  *See also Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 196 (N.D. Ill. 2013).

18.     Courts use a balancing test when disclosure of a third party's confidential information is sought by a subpoena.  *Suture Express, Inc. v. Cardinal Health 200, LLC*, No. 14-cv-4737, 2014 WL 6478077, at *4 (N.D. Ill. Nov. 18, 2014).  In these cases, "'the burden is on the party seeking discovery to establish that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause to the person from whom he is seeking the information.'"  *Id.* (quoting *Concord Boat Corp. v. Brunswick Corp.*, No. 96-cv-6026, 1996 WL 705260, at *3 (N.D. Ill. Dec. 4, 1996)) (limiting request to include only information that was necessary for the litigation, even with a protective order in place).

19.     Courts will often choose to issue protective orders if the potential harm of disclosure between parties is not ruinous and if the information can be protected from disclosure to the public.  *See Apex Colors, Inc. v. Chemworld Int'l Ltd., Inc.*, No. 14-cv-273, 2014 WL 7183631, at *3-4 (N.D. Ind. Dec. 16, 2014) (allowing third party's production of confidential information pursuant to protective order but further limiting who could review the information and requiring court approval before disclosure); *Countryman v. Community Link Federal Credit Union*, No. 11-cv-136, 2012 WL 1143572, at *6-7 (N.D. Ind. Apr. 3, 2012) (allowing protected third-party discovery to be produced because the protective order in the case governed all confidential material and provided that information deemed confidential could only "be used *solely for the purpose of this action or appeal.*").

20.     Nevertheless, even "when a protective order has been entered, a party requesting disclosure of confidential information must make a strong showing of need, especially when confidential information from a nonparty is sought." *Concord Boat Corp.*, 1996 WL 705260, at *3 (denying motion to compel non-party's production of confidential sales information sought when plaintiffs were manufacturers in the same industry) (citation omitted).

21.     Here, the information requested by Trac Intermodal includes confidential

information.

22.     The majority of the documents responsive to the subpoena contain information

identifying the names and addresses of customers, specific rail and motor carrier providers,

various rates charged, any discounts applied, and margins earned by Yusen for specific

transactions.  (*See* Declaration of Lisa Ronga at ¶ 3, attached as Exhibit E.)   Yusen treats this

information as confidential and proprietary and does not make such information publicly

available.  (*Id*. at ¶ 4.)  This information cannot be released to the public as Yusen's competitors

in the intermodal freight brokerage industry would then be able to develop business strategies

aimed at undermining Yusen's competitive advantage.  (*Id*.)

23.      The responsive documents also include Yusen's contracts with various parties

that include confidentiality provisions.  (*Id*. at ¶ 5.)  Yusen's production of these contracts

violates the terms of these contracts.  Just as importantly, Yusen treats the terms and conditions

of its contracts as confidential and proprietary and does not make such contracts publicly

available.  Yusen has invested time and money in developing and negotiating these contracts and

should not be obligated to make such contracts available to the general public.  A review of these

contracts would provide Yusen's competitors with insight into Yusen's contracting practices,

Yusen's risk tolerances, and Yusen's approach to relationships with its customers and carriers.

Moreover, public disclosure of Yusen's contracts would mean that Yusen's competitors would

simply be able to plagiarize Yusen's contract language.  (*Id*. at ¶ 6.)

24.     As Yusen has repeatedly made clear, it is willing to produce the requested and

already gathered information *so long as* it is protected from use outside of this litigation and

disclosure to the public.  Unfortunately, the parties have refused to modify the Protective Order

to cover the exact information that they represented the Protective Order was needed to protect in the first place. (DE 34 ¶ 2.)

25.     Yusen has prepared a proposed modified Protective Order that protects confidential information produced by third parties pursuant to a subpoena, which is attached in redline as Exhibit F.  This modified Protective Order would not only protect Yusen but all other third parties who are subpoenaed by the parties and would otherwise streamline the proceedings.

**B.     Trac Intermodal's Subpoena Should Be Quashed Because it is Overly Broad and Unduly Burdensome.**

26.     In addition, Trac Intermodal's subpoena should be quashed, or at the very least modified, because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 45(d)(3)(A)(iv); *see also Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to *special weight* in evaluation the balance of competing needs.").

27.     First, Trac Intermodal's subpoena is incredibly overbroad.  The subpoena requests all records broadly *relating to* contracts, arrangements and invoices regarding any company Mr. Urso was known to be involved in between 2012 to the present, even if Mr. Urso was not involved during that entire timeframe. (Exhibit A.)  The omnibus phrase "all records relating to" is facially overbroad as it fails to reduce in any meaningful way a very general and broad category of documents.  *See Trading Tecs., Int'l, Inc. v. CQG, Inc.*, No. 05-cv-4811, 2014 WL 1977029, at *8 (N.D. Ill. May 9, 2014) (finding subpoena request that sought all documents "referring or relating to" a product overbroad and limiting the request to documents concerning the litigation at hand).

28.     The same language that makes the subpoena overly broad necessarily and naturally imposes an undue burden on Yusen.  The majority of the documents requested by Trac

Intermodal broadly *relate* to contracts, purchase orders, payments, and communications

regarding Plaintiff Urso or any company he was involved in from 2012 to the present.  (Exhibit

A.) In addition, Mr. Urso, was apparently self-employed between 2006 and October 2016.

Because Mr. Urso ran his own company between 2012 and 2016, all of that information should

be obtained directly from him.  *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 896 (S.D. Ind.

2006) (quashing subpoena when issuing party failed to show that it had sought to obtain the

information from a party to the litigation); *Tresona Multimedia, LLC v. Legg*, No. 15 C 4834,

2015 WL 4911093, at * (N.D. Ill. Aug. 17, 2015) (quashing subpoena because, among other

things, plaintiff failed to show that the information sought could not have been obtained from the

defendants in the case).

29.     Despite the undue burden imposed by these overly broad requests, Yusen is still

willing to produce documents that it believes are responsive *so long as* a confidentiality order is

in place to protect them from disclosure.[1]

**C.     Yusen Has Not Waived its Objections Regarding the Impropriety of the
        Subpoena.**

30.     Finally, despite having multiple conversations with Yusen and its counsel

regarding Yusen's efforts to comply with the subpoena and Mr. Novak's repeated agreement to

---

[1]     Trac Intermodal's subpoena is also improper and should be quashed outright because it exceeds the 100-mile geographical limitation provided by Fed. R. Civ. P. 45 (c)(2)(A) (allowing parties to "command production of documents, electronically stored information or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.").  The subpoena requires compliance at Mr. Novak's law office, located at 5836 Lincoln Ave, Suite 200, Morton Grove, Illinois 60053.  Yusen was served via its registered agent in Springfield, Illinois, which is approximately 214 miles from Mr. Novak's office.  Despite this impropriety, Yusen is willing to produce the documents electronically as long as their confidentiality is protected. *See In re: Subpoena Upon Nejame Law, P.A.*, No. 16-cv-4619, 2016 WL 3125055, at *3 (N.D. Ill. June 3, 2016) (modifying subpoena that improperly required performance outside of the 100 geographic limitation); *Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc.*, No. 11-cv-00268, 2014 WL 1270298, at *3 (N.D. Ind. Nov. 20, 2014) ("Because electronic production creates no geographical burden on Ann Taylor, the subpoena does not impose unduly on nonparty Ann Taylor like Rule 45(c)(2)(A) seeks to prevent.").

requested extensions, it was not until February 26, 2018 that Mr. Novak expressed his belief that

Yusen waived its right to object to the subpoena.

31.     As an initial matter, Yusen did not waive its right to object to the subpoena

because it requested and received extensions from Mr. Novak.  (*See* McKinney Decl. ¶ 5 and

Blubaugh Decl. ¶¶ 4,5.)

32.     Even if that were not the case, however, "[a] court may excuse untimely

objections 'in unusual circumstances and for good cause." *Young v. City of Chicago*, No. 13-cv-

5651, 2017 WL 25170, at *7 (N.D. Ill. Jan. 3, 2017).  By way of example, courts may consider

"whether (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery, (2)

the subpoenaed witness is a nonparty acting in good faith; and (3) counsel for the witness was in

contact with counsel for the party issuing the subpoena prior to filing its formal objection." *Ott*

*v. City of Milwaukee*, No. 09-cv-870, 2011 WL 745891, at *2 (E.D. Wis. Feb. 24, 2011) (internal

citations omitted); *see also State Farm Mut. Ins. Co. v. Hawkins*, No. 08-cv-10367, 2010 WL

2287454, at *2 (E.D. Mich. June 4, 2010) (same).

33.     Here, no question exists that non-party Yusen has acted in good faith in

responding to the subpoena.  That is, while it took Mr. Novak nearly a week to prepare a letter

regarding the subpoena and nearly two weeks to serve the subpoena, Yusen contacted Mr. Novak

within two days of being served after having already attempted to locate responsive documents.

34.     Additionally, and despite the other defects associated with the subpoena, both

Yusen and its counsel discussed with Mr. Novak Yusen's collection of responsive documents,

intent to produce them, concerns regarding the confidential nature of them, and extensions

needed.  While Mr. Novak originally expressed a willingness in modifying the Protective Order,

he then advised that the parties would not agree to it.

35.     In the end, given the good faith efforts of Yusen and its discussions with Mr. Novak, Trac Intermodal cannot reasonably contend that Yusen waived its right to make any objections.

## **CONCLUSION**

36.     For the reasons discussed above, Yusen respectfully requests that the Court (i) quash the subpoena or, in the alternative, modify the protective order entered in this case to protect its confidential information in this case, and (ii) provide such other and further relief as this Court deems reasonable and just.

Dated: March 5, 2018

**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF** **LLP**

By: /s/ Courtney C. Booth

Courtney C. Booth
cbooth@beneschlaw.com
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF** **LLP**
333 West Wacker Drive, Suite 1900
Chicago, Illinois  60606
Telephone:  (312) 212-4949
Facsimile:  (312) 767-9192

Marc S. Blubaugh (*Pro hac vice* to be sought)
mblubaugh@beneschlaw.com
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF** **LLP**
41 South High Street, Suite 2600
Columbus, Ohio 43215
Telephone:  (614) 223-9300
Facsimile:  (614) 223-9330

*Counsel for Yusen Logistics (Americas), Inc*

# EXHIBIT A

# ELG Elizer Law Group, LLC

Steven H. Elizer•

Philip M. Novak

Attorneys at Law

•Also admitted in Florida

January 24, 2018

**<u>VIA CERTIFIED MAIL</u>**

Yusen Logistics (Americas), Inc.
Attn: Registered Agent, Illinois Corporation Service
801 Adlai Stevenson Drive
Springfield, Illinois 62703

Re: Michael A. Urso v. Interpool, Inc. d/b/a TRAC Intermodal, Case No 17-00275

To whom it may concern:

Please be advised that our office represents TRAC Intermodal in the above-referenced litigation pending in the United States Bankruptcy Court for the Northern District of Illinois. Enclosed please find a Subpoena to Produce Documents issued by the Clerk of the Court. The Subpoena requires you to produce documents in your possession that are responsive to the requests in the Rider to Subpoena.

This is not subpoena for testimony; we are only requesting the production of documents at this time. Further, although the Subpoena sets a date, time and place for compliance of February 13, 2018 at 1:00 p.m. at our offices, if your documents are submitted ahead of that date, **your appearance is not required.** Documents may be produced on paper and sent to our address, below, or scanned and sent electronically to pmnovak@elizerlaw.com.

Please review the Subpoena and produce the documents requested. If you have any questions about which documents may be responsive, or other concerns with timely compliance with the Subpoena, please contact me to discuss. Thank you.

Sincerely,

ELIZER LAW GROUP, LLC

Philip M. Novak

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Northern_____ District of _____Illinois_____

In re ____Michael A. Urso____
　　　　　　　Debtor

_(Complete if issued in an adversary proceeding)_

Case No. __17-00600__

Chapter __7__

____Michael A. Urso____
　　　　　Plaintiff
　　　　　　v.
__Interpool, Inc. d/b/a Trac Intermodal__
　　　　　Defendant

Adv. Proc. No. __17-00275__

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

Yusen Logistics (Americas),Inc., Attention: Registered Agent: Illinios Corporation Service
To: 801 Adlai Stevenson Drive, Springfield, IL 62703
　　　　_(Name of person to whom the subpoena is directed)_

[X] _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:　　See Attached Rider

| PLACE   Elizer Law Group, LLC | DATE AND TIME |
|---|---|
| 5836 Lincoln Ave, Suite 200 | 2/13/18  1:00 p.m. |
| Morton Grove, IL 60053 | |

[ ] _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

　　The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _1/18/2018_

CLERK OF COURT

_____Tom Lungan_____　　　　OR　　　　_____
_Signature of Clerk or Deputy Clerk_　　　　　　　　　_Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_ Interpool, Inc.,
__Philip M. Novak_____ , who issues or requests this subpoena, are:
5836 Lincoln Ave #200, Morton Grove, IL 60054, (847) 983-4343, pmnovak@elizerlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## RIDER TO SUBPOENA

1.      Any and all records relating to contracts, purchase orders, jobs, or other arrangements for work to be performed by Michael A. Urso, or any company he is or was known by you to be involved, plus RB Express, Inc. from 2012 to the date of production.

2.      Any and all invoices paid or submitted, and copies of payments sent or received, to Michael A. Urso, or any company he is or was known by you to be involved, plus RB Express, Inc. from 2012 to the date of production.

3.      Any and all communications sent to or received from Michael A. Urso, Raul Barrera, Jr. or Raul Barrera, Sr. from 2012 to the date of production.



7011 2970 0001 8864 0790

$ 007.29⁰
0001842580   JAN 24 2018
MAILED FROM ZIP CODE 60053

**ELG** Elizer Law Group, L.L.C.

5836 N. LINCOLN AVENUE · SUITE 200
MORTON GROVE, ILLINOIS 60053
TEL: (847)983-4343 · FAX: (847)983-0305

------------------TO:------------------

Yusen Logistics (Americas), Inc.
Attention: Registered Agent, Illinois Corporation
Service
801 Adlai Stevenson Drive
Springfield, Illinois 62703

# EXHIBIT B

## DECLARATION OF CATHY MCKINNEY

I, Cathy McKinney, declare under penalty of perjury, that I am of legal age and sound mind and, based upon personal knowledge, due investigation and review of pertinent information, that the following facts are true and correct to the best of my knowledge, information and belief.

1.    I am the Legal Services Administrator at Yusen Logistics (Americas) Inc. ("Yusen").

2.    On January 30, 2018, Defendant Interpool, Inc. d/b/a Trac Intermodal ("Trac Intermodal") served Yusen with a subpoena.

3.    Yusen immediately began to search for and collect documents responsive to the subpoena.

4.    On February 1, 2018, I contacted Philip Novak, Trac Intermodal's counsel, to discuss the subpoena and Yusen's difficulty in locating responsive documents. Mr. Novak sent me an email providing additional information to help Yusen in its search.

5.    On February 8, 2018, I contacted Mr. Novak regarding the subpoena and obtained an extension to respond through February 20, 2018.

6.    After locating hundreds of pages of documents that were possibly responsive to the subpoena, Yusen determined that a number of documents contain confidential commercial information and retained counsel for assistance.

7.    Yusen's counsel has communicated with Mr. Novak from that point on.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: _3-5-18_

Cathy McKinney

1

10900209 v1

# EXHIBIT C

## DECLARATION OF MARC S. BLUBAUGH

I, Marc S. Blubaugh, declare under penalty of perjury, that I am of legal age and sound mind and, based upon personal knowledge, due investigation and review of pertinent information, that the following facts are true and correct to the best of my knowledge, information and belief.

1.      I am a partner at Benesch, Friedlander, Coplan & Aronoff LLP.

2.      On January 30, 2018, Defendant Interpool, Inc. d/b/a Trac Intermodal ("Trac Intermodal") served Yusen Logicstics (Americas), Inc. with a subpoena.

3.      Upon collecting documents responsive to the subpoena, Yusen determined that a number of documents contain confidential commercial information and retained my firm for assistance.

4.      To expedite the production of discovery and to prevent the accumulation of unnecessary time and resources, I contacted counsel for Trac Intermodal and requested that the parties to the adversary proceeding modify a single sentence in the Protective Order to include all materials produced by parties or non-parties responding to a subpoena. I also requested an extension of time to respond to the subpoena. Trac Intermodal agreed to discuss the proposed modification of the subpoena with counsel for Plaintiff Michael A. Urso and, in the meantime, agreed to the extension of time.

5.      On February 26, 2018, counsel for Trac Intermodal informed me that the parties would not modify the Protective Order and that, while he originally considered being the custodian of Yusen's confidential information, he did not see it as a feasible option. He also for the first time informed me that he believed that Yusen had waived its right to serve objections

pursuant to Fed. R. Civ. P. 45(d)(2)(b), but granted Yusen a further extension through March 5, 2018 to respond to its subpoena.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: 3/5/18

_____
Marc S. Blubaugh

# EXHIBIT D

| | |
|---|---|
| **From:** | Philip Novak |
| **To:** | Blubaugh, Marc |
| **Subject:** | RE: Yusen |
| **Date:** | Monday, February 26, 2018 12:51:14 PM |

Marc –

Thank you for speaking with me earlier regarding counsel for Urso's refusal to enter into a three-party agreement to maintain Yusen's production as confidential.  As I indicated in that call, he suggested that we enter into an agreement whereby TRAC agrees to remark Yusen's documents as "Confidential-Subject to Protective Order," and you and I briefly discussed whether or not Yusen would agree to that.

However, upon attempting to draft an agreement that provided for such, I realize that such a procedure would require TRAC to not only certify Yusen's documents contain Confidential Information under the Order, but further it would require TRAC to defend such a designation upon a challenge by Urso, would unduly restrict the ability of our office to share the documents with our client due to the strictness of the Order, put TRAC in the position of protecting the documents from subpoena in other litigation or challenges to sealed filings, and require TRAC to monitor post-litigation use, return, or destruction of Yusen's documents, among other onerous responsibilities.

Regrettably, without the cooperation of Urso and his counsel to maintain the documents as confidential, I cannot recommend that TRAC become the protector of Yusen's documents, especially in light of Yusen's waiver pursuant to Rule 45(d)(2)(B).

Please produce the documents or file a motion objecting to the production by March 5, 2018.  Thank you.
Sincerely,

Philip M. Novak
Elizer Law Group, LLC
5836 Lincoln Avenue, Suite 200
Morton Grove, Illinois 60053

Tel:  (847)983-4343
Fax:  (847)983-0305
DISCLAIMER:

This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited. If you have received this message in error, please

notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or, the sender's employer, or the employer's parent company, affiliates or subsidiaries.

---

**From:** Blubaugh, Marc [mailto:mblubaugh@Beneschlaw.com]
**Sent:** Wednesday, February 21, 2018 4:22 PM
**To:** Philip Novak
**Subject:** RE: Yusen

Phillip:

Have you been able to give this thought?

Marc

Marc S. Blubaugh
Benesch, Friedlander, Coplan & Aronoff LLP
41 South High Street, Suite 2600
Columbus, Ohio  43215
Direct Telephone: (614) 223-9382
Mobile Telephone:  (614) 563-1667
Facsimile:  (614) 223-9330

---

**From:** Blubaugh, Marc
**Sent:** Wednesday, February 21, 2018 7:20 AM
**To:** 'Philip Novak' <pmnovak@elizerlaw.com>
**Subject:** RE: Yusen

Phillip:

Thank you for your time yesterday and for agreeing to grant my client an additional week or so for production.

In reviewing the Agreed Confidentiality Order, some ambiguity exists as to whether or not it does in fact cover non-parties.  On the one hand, the scope of the order extends to "[a]ll materials produced or adduced in the course of discovery."  On the other hand, no reference is made anywhere to non-party production pursuant to subpoena and the term "party" is used throughout.

Would you and your opponent, pursuant to Section 15 of the Agreed Confidentiality Order, agree to modify slightly Section 1 of the Agreed Confidentiality Order to read:

1.   Scope.  All materials produced or adduced in the course of discovery <u>by parties or non-parties (hereinafter referred to as a "party" or collectively as the "parties")</u>, including initial disclosures, responses to discovery requests <u>or subpoenas</u>, deposition testimony and exhibits . . . .

This clarification will help expedite production (and may be of benefit to you with the other non-parties).

Please let me know.  Thank you.

Marc

Marc S. Blubaugh
Benesch, Friedlander, Coplan & Aronoff LLP

41 South High Street, Suite 2600
Columbus, Ohio  43215
Direct Telephone: (614) 223-9382
Mobile Telephone:  (614) 563-1667
Facsimile:  (614) 223-9330

To ensure compliance with requirements imposed by the IRS, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.



**From:** Philip Novak [mailto:pmnovak@elizerlaw.com]
**Sent:** Tuesday, February 20, 2018 10:52 AM
**To:** Blubaugh, Marc <mblubaugh@Beneschlaw.com>
**Subject:** Yusen

Sincerely,

Philip M. Novak
Elizer Law Group, LLC
5836 Lincoln Avenue, Suite 200
Morton Grove, Illinois 60053

Tel:  (847)983-4343
Fax:  (847)983-0305
DISCLAIMER:

This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential

information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. This communication does not form any contractual obligation on behalf of the sender or, the sender's employer, or the employer's parent company, affiliates or subsidiaries.

# EXHIBIT E

## DECLARATION OF LISA RONGA

I, Lisa Ronga, declare under penalty of perjury, that I am of legal age and sound mind and, based upon personal knowledge, due investigation and review of pertinent information, that the following facts are true and correct to the best of my knowledge, information and belief.

1.      I am the Vice President of Legal and Compliance at Yusen Logistics (Americas) Inc. ("Yusen").

2.      On January 30, 2018, Defendant Interpool, Inc. d/b/a Trac Intermodal ("Trac Intermodal") served Yusen with a subpoena seeking production of documents.

3.      The majority of the documents responsive to the subpoena contain information identifying the names and addresses of customers, specific rail and motor carrier providers, various rates charged, any discounts applied, and margins earned by Yusen for specific transactions.

4.      Yusen treats this information as confidential and proprietary and does not make such information publicly available.  This information cannot be released to the public as Yusen's competitors in the intermodal freight brokerage industry would then be able to develop business strategies aimed at undermining Yusen's competitive advantage.

5.      The responsive documents also include Yusen's contracts with various parties that include confidentiality provisions.

6.      Yusen's production of these contracts violates the terms of these contracts.  Just as importantly, Yusen treats the terms and conditions of its contracts as confidential and proprietary and does not make such contracts publicly available.  Yusen has invested time and money in developing and negotiating these contracts and should not be obligated to make such contracts available to the general public.  A review of these contracts would provide Yusen's competitors with insight into Yusen's contracting practices, Yusen's risk tolerances, and Yusen's approach to

1

relationships with its customers and carriers. Moreover, public disclosure of Yusen's contracts would mean that Yusen's competitors would simply be able to plagiarize Yusen's contract language.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: 3/5/2018

_____
Lisa Ronga

10900209 v1
10902920 v1

# EXHIBIT F

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 17-cv-00600 |
| | ) | |
| Michael A. Urso | ) | Hon. Pamela S. Hollis |
| | ) | |
| Debtor, | ) | Chapter 7 |
| | ) | |
| Michael A. Urso | ) | Adv No. 17-00275 |
| | ) | |
| Plaintiff, | ) | Hon. Pamela S. Hollis |
| | ) | |
| v. | ) | |
| | ) | |
| Interpool, Inc d/b/a Trac Intermodal | ) | |
| | ) | |
| Defendant | ) | |

Agreed Confidentiality Order

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly; it is ORDERED:

1.     Scope. All materials produced or adduced in the course of discovery by parties or non-parties (hereinafter referred to as a "party" or collectively as the "parties"), including initial disclosures, responses to discovery requests or subpoenas, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.     Confidential Information.  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"

by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3.    Designation.

(a)    A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)     The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

4.     Depositions

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given, Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5.     Protection of Confidential Material.

(a)     General Protections.  Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b)     Limited Third-Party Disclosures.   The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)     Counsel.  Counsel for the parties and employees of counsel who have

responsibility for the action;

(2)     The Court and its personnel;

(3)     Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

(4)     Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(5)     Consultants and Experts.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(6)     Witnesses at depositions.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(7)     Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(8)     Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)     Notwithstanding the foregoing, counsel for the parties shall be entitled to disclose to the individual parties and employees of a party, Confidential Information pursuant to Paragraph 2(f), specifically, "income tax returns (including attached schedules and forms), W-2 forms and1099 forms.

(d)     Control of Documents.   Counsel for the parties shall make

reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential

Information.    Counsel shall maintain the originals of the forms signed by persons

acknowledging their obligations under this Order for a period of three years after the

termination of the case.

6.    Inadvertent Failure to Designate.    An inadvertent failure to designate a

document as Confidential Information does not, standing alone, waive the right to so

designate the document; provided, however, that a failure to serve a timely Notice of

Designation of deposition testimony as required by this Order, even if inadvertent, waives any

protection for deposition testimony. If a party designates a document as Confidential

Information after it was initially produced, the receiving party, on notification of the

designation, must make a reasonable effort to assure that the document is treated in

accordance with the provisions of this Order.  No party shall be found to have violated this

Order for failing to maintain the confidentiality of material during a time when that material

has not been designated Confidential Information, even where the failure to so designate was

inadvertent and where the material is subsequently designated Confidential Information.

7.    Filing of Confidential Information.    This Order does not, by itself,

authorize the filing of any document under seal.  Any party wishing to file a document

designated as Confidential Information in connection with a motion, brief or other

submission to the Court must comply with LR 26.2.

8.    No Greater Protection of Specific Documents.  Except on privilege grounds

not addressed by this Order, no party may withhold information from discovery on the ground

that it requires protection greater than that afforded by this Order unless the party moves for an

order providing such special protection.

9.      Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a)      Meet and Confer.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

(b)      Judicial Intervention.  A party that elects to challenge a confidentiality  designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10.      Action  by the Court.  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.      Use of Confidential Documents or Information at Trial.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial

or hearing.  A party that intends to present or that anticipates that another party may present

Confidential information at a hearing or trial shall bring that issue to the Court's and parties'

attention by motion or in a pretrial memorandum without disclosing   the Confidential

Information. The Court may thereafter make such orders as are necessary to govern the use of

such documents or information at trial.

      12.    Confidential Information Subpoenaed or Ordered Produced in Other

Litigation.

      (a)    If a receiving party is served with a subpoena or an order issued in other

litigation that would compel disclosure of any material or document designated in this action

as Confidential Information, the receiving party must so notify the designating party, in

writing, immediately and in no event more than three court days after receiving the subpoena

or order.  Such notification must include a copy of the subpoena or court order.

      (b)    The receiving party also must immediately inform in writing the party

who caused the subpoena or order to issue in the other litigation that some or all of the

material covered by the subpoena or order is the subject of this Order.  In addition, the

receiving party must deliver a copy of this Order promptly to the party in the other action that

caused the subpoena to issue.

      (c)    The purpose of imposing these duties is to alert the interested persons to

the existence of this Order and to afford the designating party in this case an opportunity to try

to protect its Confidential Information in the court from which the subpoena or order issued.

The designating party shall bear the burden and the expense of seeking protection in that court

of its Confidential Information, and nothing in these provisions should be construed as

authorizing or encouraging a receiving party in this action to disobey a lawful directive from

another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13.    Challenges by Members of the Public  to Sealing Orders.   A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14.    Obligations on Conclusion of Litigation.

(a)    Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)    Obligations at Conclusion of Litigation.  Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the receiving party, at its option, commits to destruction to the extent practicable in lieu of return and certifies the same; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)    Retention  of Work Product  and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of

Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d)      Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

15.      Order Subject to Modification.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16.      No Prior Judicial Determination.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.      Persons Bound.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.


Dated:                                        _____
                                                      U.S. Bankruptcy Judge

WE SO MOVE
and agree to abide by the
terms of this Order

_____
Signature

_____
Printed Name

Counsel for: _____

Dated:

WE SO MOVE
and agree to abide by the
terms of this Order

_____
Signature

_____
Printed Name

Counsel for: _____

Dated: